HERBERT H. TOWE v. TOMLINSON OF HIGH POINT, INCORPORATED.

(Filed 9 May 1962.)

**Negligence § 34—**

Evidence tending to show that plaintiff fell on ice some 12 to 18 inches wide across the sidewalk, which ice had formed from water draining from the driveway on defendant's property, is held insufficient to establish

negligence on the part of defendant in failing to provide drainage, knowingly maintaining its driveway so as to cause water to concentrate in excessive quantity on the sidewalk, or in failing to take any precaution to prevent the formation of ice on the sidewalk.

APPEAL by plaintiff from *Olive, J.,* 6 November Civil Term 1961 of GUILFORD (High Point Division).

This is a civil action instituted by plaintiff to recover for personal injuries allegedly resulting from the negligence of defendant.

The plaintiff's evidence tends to show that defendant's furniture plant is located on West High Street in High Point, North Carolina. Plaintiff, a citizen and resident of Mount Airy, Surry County, North Carolina, was an employee of defendant and lived at Puckett's Boarding House, 414 West High Street, about one and one-half blocks west of defendant's plant, the boarding house being on the same side of the street on which the furniture plant is located.

On Monday, 4 January 1960, the plaintiff, in company with three other employees of the defendant, left the boarding house about 6:45 a.m. for the defendant's plant to report for work. They walked along the public sidewalk which ran all the way from the boarding house to the furniture plant along the south side of West High Street, except for a space where Dalton Street crosses West High Street.

After crossing Dalton Street going east, the first building on the south side of West High Street is a big stone house on the corner which is owned by the defendant. The next building going east is defendant's furniture plant. Between the house and the furniture plant is a driveway. The distance from the east curb of Dalton Street to the west edge of the driveway is 137 feet. Along the south edge of the sidewalk east of Dalton Street there is a stone retaining wall. The wall is three feet six inches high. The driveway is unpaved. Where the driveway crosses it the sidewalk is partly flat and partly slanted; the flat part is nearest the driveway and the slanted part nearest the street. The slanted part of the sidewalk is two feet nine inches wide and the width of the flat part is two feet five inches where the driveway crosses the sidewalk. The driveway is upgrade as it goes south. The curb on West High Street is six inches high. Six inches from the west edge of the driveway there is a utility pole set in the sidewalk. The sidewalk west of the driveway between the curb and the wall, including the curb five inches wide, is five feet five inches wide. Between the utility pole and the wall the sidewalk is four feet wide. The nearest street lights to the driveway are those at the Dalton-High Street intersection, 159 feet west of the driveway and east of the driveway over West High Street 143 feet away. No illumination was provided at the driveway by the two street lights on the morning of 4 January 1960.

The evidence further tends to show that the house on the lot on the corner of West High Street and Dalton Street had two downspouts which emptied in the yard. The property on which the driveway is located was purchased by the defendant in 1953. There have been no changes made on the lot or the driveway since the property was purchased by the defendant.

There is evidence tending to show that water ran down the driveway and across the sidewalk at times for a day or two after a rain. On the morning of plaintiff's injury and just prior thereto, part of the sidewalk had ice on it. The sidewalk was free of ice and water except for about twelve to eighteen inches which was wet on the west side of the driveway. There is no evidence tending to show the source from which this water came. The weather was below freezing, and as the plaintiff approached the driveway, he was walking with his hands in his pockets. Plaintiff and one Don Puckett were walking together. Puckett moved on ahead of plaintiff when they reached the point between the utility pole and the retaining wall; plaintiff dropped behind Puckett, and then as he undertook to catch up with him he stepped on the ice and fell and suffered a broken leg.

This action is predicated upon (1) the failure of defendant to provide proper drainage for its driveway so as to prevent an unusual and unnatural concentration of water on the public sidewalk; (2) knowingly maintaining said driveway so as to cause water to concentrate in excessive quantities upon the sidewalk, thereby increasing the danger of ice being formed on the public sidewalk in freezing weather; and (3) failure to take any precautions to prevent the formation of ice on the sidewalk.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit and the motion was allowed. The plaintiff appeals.

*Haworth, Riggs, Kuhn & Haworth for appellant.*
*James B. Lovelace for appellee.*

PER CURIAM. In our opinion, the evidence disclosed by the record herein is insufficient to show an accumulation and diversion of water to an extent necessary to impose liability therefor or to establish actionable negligence on the part of the defendant.

The ruling on the defendant's motion for judgment as of nonsuit will be upheld.

Affirmed.